IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| BOBBY BROWN,<br>Institutional ID # 1124005; SID # 00845855,<br>Previous TDCJ ID # 914095, 156346,<br><br>Plaintiff,<br><br>V.<br><br>JOSEPH WILSON, Warden,<br>John Montford Unit, *et al.*,<br><br>Defendant(s). | ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO.<br>5:10-CV-181-C |

## ORDER

Plaintiff, acting *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Defendants, officials and staff at the John T. Montford Unit ("Montford Unit") of the Texas Department of Criminal Justice - Institutional Division ("TDCJ-ID"). Plaintiff stated that he is suing the named defendants in both their official and individual capacities for violations of the First, Eighth and Fourteenth Amendments to the United States Constitution, Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"). Plaintiff alleges that he was subjected to deliberate indifference to his serious medical needs, deprivation of due process of law, discrimination, retaliation, and denial of access to the law library. Plaintiff requested actual, compensatory, and punitive damages, as well as declaratory and injunctive relief.

The complaint was transferred to the docket of the United States Magistrate Judge, who held a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985), on February 8, 2011. Plaintiff filed a supplemental complaint and also filed responses to the Magistrate Judge's Questionnaire. Plaintiff consented to proceed before the United States

Magistrate Judge during the *Spears* hearing; however, the Defendants did not, and pursuant to this Court's Order entered on December 20, 2010, the Magistrate Judge entered a report and recommendation concerning the Plaintiff's complaints and transferred the case back to this Court on April 30, 2012. Plaintiff filed his objections to the Report and Recommendation on June 4, 2012.

At the *Spears* hearing, Plaintiff testified under oath, and that testimony is made a part of Plaintiff's complaint. *See Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996) (testimony from a *Spears* hearing becomes part of the complaint.). This Court has made an independent examination of the record in this case, including the Plaintiff's complaint, his supplemental complaint, the testimony given by Plaintiff at the *Spears* hearing and responses to the Questionnaire, as well as the properly authenticated inmate records pertaining to Plaintiff which were provided by the TDCJ-ID pursuant to court orders. The Court has also examined the Defendants' responsive pleadings, as well as the findings, conclusions, and recommendation of the Magistrate Judge and Plaintiff's objections thereto, and determines that the findings and conclusions are correct with two exceptions:

(1)   A typographical error on page 3 of the Report and Recommendation incorrectly asserts that Plaintiff "filed his appeal on November 27, 2008," when, in fact, the referenced appeal was filed on November 27, 2007. This Court finds, however, that such typographical error does not hinder the Magistrate Judge's alternate finding that Plaintiff's access to courts was not impaired because a review of the docket in other civil actions filed by Plaintiff demonstrates that he was able to file pleadings during the time period from August 2008 to December 28, 2011, when he claims he was denied his right to attend the law library and thus denied access to

courts. *See Brown v. Wathen,* Civil Action No. 5:08-CV-256-C filed on December 29, 2008; *Brown v. Wathen, et al.,* Civil Action No. 5:09-CV-037-C filed on February 12, 2009; *Brown v. Parker,* Civil Action No. 5:09-CV-264-C filed on December 16, 2009; and the instant case filed on November 23, 2010.

(2) The Report and Recommendation provides no specific explanation for its recommendation for the disposition of Plaintiff's ADA and RA claims. Consequently, the Court will address Plaintiff's ADA and RA claims below.

In his objection to the Magistrate Judge's Report and Recommendation, Plaintiff states that the Magistrate Judge "refused to acknowledge my Title II ADA and 504 Rehabilitation Act claims because all defendants clearly violated both acts." In the Report and Recommendation, the Magistrate Judge acknowledged Plaintiff's allegations that Defendant Nurse Torres violated the ADA and RA because she refused to give him treatment a doctor ordered and made him leave the dialysis clinic. The Magistrate Judge went on to find that Plaintiff's allegations concerning the denial of treatment by Torres were without merit because he had acknowledged that he refused to allow a trainee to connect the dialysis machine to the graft in his arm and also that he did not undergo dialysis because officers required that he walk to the dialysis clinic in shackles. The Magistrate Judge concluded that "Brown's allegations do not demonstrate that Nurse Torres engaged in a constitutional violation or any other illegal action" and that "it was Brown's actions that resulted in him not undergoing dialysis."

"The ADA is a federal anti-discrimination statute designed '[t]o provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities.'" *Delano-Pyle v. Victoria County, Tex.,* 302 F.3d 567, 574 (5th Cir. 2002) (quoting

3

*Rizzo v. Children's World Learning Centers, Inc.,* 173 F.3d 254, 261 (5th Cir. 1999)). Title II of the ADA provides that

> no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

*Pennsylvania Dep't Of Corrections v. Yeskey,* 524 U.S. 206, 209 (1998) (quoting 42 U.S.C. § 12132). "The language of Title II generally tracks the language of Section 504 of the Rehabilitation Act of 1973 ["RA"]," which provides that

> [n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, or be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . .

*Hainze v. Richards,* 207 F.3d 795, 799 (5th Cir. 2000) (quoting 29 U.S.C. § 794(a) (1994)). The ADA "specifically provides that '[t]he remedies, procedures and rights' available under Section 504 shall be the same as those available under Title II," *Hainze v. Richards,* 207 F.3d at 799 (quoting 42 U.S.C. § 12133); Congress therefore clearly intended that Title II "'work in the same manner as Section 504'" and the "[j]urisprudence interpreting either section is applicable to both," *id.* (quoting H.R. Rep. No. 101-485, pt. III at 49-50 (1990), *reprinted in* 1990 U.S.C.C.A.N. 445, 472-73)). *See Fitzgerald v. Corrections Corp. of America,* 403 F.3d 1134, 1144 (10th Cir. 2005) ("[F]or practical purposes, the requirements to state a claim under either statute are identical" in a complaint about substandard medical treatment in prison.); *Ingles v. Neiman Marcus Group,* 974 F. Supp. 996, 999 (S.D. Tex. 1997) (quoting *Myers v. Hose,* 50 F.3d 278, 281 (4th Cir. 1995)) ("[W]hether suit is filed against a federally-funded entity under the

Rehabilitation Act or against a private employer under the ADA, the substantive standards for determining liability are the same.").

Under the ADA, "[a] 'public entity' includes 'any department, agency, special purpose district, or other instrumentality of a State or States or local government.'" *Hainze v. Richards,* 207 F.3d at 799 (quoting 42 U.S.C. § 12132 (1994)). "State prisons fall squarely within the statutory definition of 'public entity.'" *Pennsylvania Dep't of Corrections v. Yeskey,* 524 U.S. at 210. Thus, "the plain text of Title II of the ADA unambiguously extends to state prison inmates . . . ." *Id.* at 213. *Accord Hall v. Thomas,* 190 F.3d 693, 696 (5th Cir. 1999).

"A plaintiff asserting a private cause of action for violations of the ADA or the RA may only recover compensatory damages upon a showing of intentional discrimination," *Delano-Pyle v. Victoria County, Texas,* 302 F.3d 567, 574 (5th Cir. 2002), and punitive damages may not be awarded in private suits "brought under § 202 of the ADA and § 504 of the Rehabilitation Act," *Barnes v. Gorman,* 536 U.S. 181, 189 (2002).

To establish a violation of the ADA, Plaintiff must demonstrate: "(1) that [he is] a qualified individual[ ] within the meaning of the [Act]; (2) that [he is] being excluded from participation in, or being denied benefits of, services, programs, or activities for which the [defendants are] responsible, or are otherwise being discriminated against by the [defendants]; and (3) that such exclusion, denial of benefits, or discrimination is by reason of [his] disability." *Lightbourn v. County of El Paso, Texas,* 118 F.3d 421, 428 (5th Cir. 1997). Assuming without deciding that Plaintiff has demonstrated that he is a handicapped individual for purposes of the ADA and RA, he has failed to state a claim for relief under either provision because he has not "alleged or shown that he was adversely treated solely because of his handicap . . . ." *Davidson*

5

*v. Texas Dep't of Crim. Justice, Inst. Div.,* 91 Fed. Appx. 963, 964 (5th Cir. 2004). *See Shaw v. Tex. Dep't of Crim. Justice,* 46 Fed. Appx. 225 (5th Cir. 2002) (holding that an inmate's ADA and RA claims were without merit because the inmate alleged that he was denied participation in the prison's Physically Handicapped Offenders Program because of an allegedly erroneous notation in his records that he was a member of a militant organization, rather than because of his disability). *See also Moore v. Prison Health Services, Inc.,* 24 F. Supp. 2d 1164, 1168 (D. Kan. 1998) (finding that an inmate failed to state a claim under the RA because he did not show that he was a victim of discrimination based upon his disability).

Moreover, when a "plaintiff's core complaint [is] incompetent treatment for his underlying medical condition, [s]uch a complaint does not state a claim for relief under the ADA because '[t]he ADA does not create a remedy for medical malpractice.'" *Moore,* 24 F. Supp. 2d at 1168 (quoting *Bryant v. Madigan,* 84 F.3d 246, 249 (7th Cir. 1996)). *See Fitzgerald v. Corrections Corp. of America,* 403 F.3d 1134, 1144 (10th Cir. 2005) (noting that "[s]everal circuits have expressly concluded that neither the ADA nor the Rehabilitation Act provide remedies for alleged medical negligence"); *Schiavo ex rel. Schindler v. Schiavo,* 403 F.3d 1289, 1294 (11th Cir. 2005) ("The Rehabilitation Act, like the ADA, was never intended to apply to decisions involving the termination of . . . medical treatment."); *Grzan v. Charter Hosp. of Northwest Indiana,* 104 F.3d 116, 121, 123 (7th Cir. 1997) (affirming district court's dismissal under Fed. R. Civ. P. 12(b)(6) of section 504 claim because "section 504 [which is 'materially identical to the ADA'] does not provide a federal malpractice tort remedy" and allegations of discriminatory medical treatment do not fit into the 4-element framework required by Section 504); and *United States v. Univ. Hosp., State of New York,* 729 F.2d 144, 156-57 (2d Cir. 1984)

(noting that "the phrase ['otherwise qualified'] cannot be applied in the comparatively fluid context of medical treatment decisions without distorting its plain meaning" and "[w]here the handicapping condition is related to the condition(s) to be treated, it will rarely, if ever, be possible to say with certainty that a particular decision was 'discriminatory.'"). "The plaintiff in this action has stated no more than a claim which challenges the medical care provided for his medical condition [and] [h]e has not stated a claim for relief under the ADA because he does not complain he has been 'denied the benefit of the services, programs, or activities' of the prison system due to discrimination based upon his disability." *Moore v. Prison Health Services, Inc.*, 24 F. Supp. 2d at 1168.

For these reasons, Plaintiff's claims for violations of the ADA and RA are without merit and should be dismissed with prejudice for failure to state a claim.

The Court finds that Plaintiff's objections should be OVERRULED and the Magistrate Judge's findings and conclusions ADOPTED, except as to the use of the incorrect date of November 27, 2008 for filing of his appeal in another case and as to the omission of a specific explanation for recommending dismissal of Plaintiff's ADA and RA complaints.

It is, therefore, ORDERED:

(1)     Plaintiff's complaint and all claims alleged therein are DISMISSED WITH PREJUDICE AS FRIVOLOUS.

(2)     Any pending motions are DENIED.

(3)     This dismissal shall count as a qualifying dismissal under 28 U.S.C. § 1915(g) and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996). Dismissal of this action does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee

previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

(4) A copy of this order shall be sent by first class mail to Plaintiff at his last known address and to any attorney of record by first class mail or electronic notification.

(5) Plaintiff is advised that if he appeals this Order, he will be required to pay the appeal fee of $455.00 pursuant to the PLRA at the same time he files his notice of appeal.

**SO ORDERED.**

Judgment shall be entered accordingly.

Dated December 27, 2012.

_____
SAM R. CUMMINGS
United States District Judge